**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Carlos Huber Hernandez, on behalf of himself and all other persons similarly situated,<br><br>Plaintiffs,<br><br>- vs. -<br><br>1268 2nd Ave. LLC d/b/a Serena's Wine Bar and Hasan Senyurt,<br><br>Defendants | DOCKET NO. _____<br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION** |

Plaintiff Carlos Huber Hernandez, by and through his undersigned attorneys, for his complaint against defendants 1268 2nd Ave. LLC d/b/a Serena's Wine Bar and Hasan Senyurt, allege as follows, on behalf of himself and on behalf of all other persons similarly situated:

## **NATURE OF THE ACTION**

1.      Plaintiff Carlos Huber Hernandez, on behalf of himself and all other persons similarly situated, current and former employees of defendants 1268 2nd Ave. LLC and Hasan Senyurt, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), allege that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which he did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2.      Plaintiff further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which the defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for the defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for the defendants' illegal deductions from gratuities under New York Labor Law §§ 196-d and 663; (v) liquidated damages pursuant to New York Labor Law for these

2

violations; and (vi) statutory damages for the defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3. Plaintiff Carlos Huber Hernandez, is an adult individual residing in the Bronx, New York.

4. Mr. Hernandez consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached.

5. Defendant 1268 2nd Ave. LLC d/b/a Serena's Wine Bar, is a domestic limited liability company organized under the law of the State of New York (hereinafter referred to as "Serena's Wine Bar") with a registered place of business at 477 Madison Avenue, Suite 530, New York, New York 10022.

6. Defendant Serena's Wine Bar owns and operates a restaurant/wine bar, located at 1268 Second Avenue, New York, New York 10065.

7. At all relevant times, defendant Serena's Wine Bar was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8. At all relevant times, defendant Serena's Wine Bar has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. Upon information and belief, at all relevant times, defendant Serena's Wine Bar has had gross revenues in excess of $500,000.00.

10. Upon information and belief, at all relevant times herein, defendant Serena's Wine Bar has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

11. Defendant Hasan Senyurt is an owner or part owner and principal of Serena's Wine Bar, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

12. At all relevant times, Defendant Hasan Senyurt was involved in the day-to-day operations of Serena's Wine Bar, and played an active role in managing the business.

13. Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

16. Pursuant to 29 U.S.C. § 206 and § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since August 18, 2019, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17. The Collective Action Members are similarly situated to Plaintiff in that they were employed by defendants as non-exempt employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

18. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

19. Plaintiff and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

5

20. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

**FACTS**

21. At all relevant times herein, the defendants owned and operated Serena's Wine Bar, a restaurant located at 1268 Second Avenue in Manhattan, New York.

22. Plaintiff Carlos Huber Hernandez was employed at Serena's Wine Bar, from approximately January 1, 2017, until July 12, 2022.

23. Mr. Hernandez was employed and had work duties in the kitchen such as making salad, preparing deliveries, dishwasher and cooking pasta.

24. Mr. Hernandez's work was performed in the normal course of defendant's business, was integrated into the business of defendant, and did/does not involve executive or administrative responsibilities.

25. At all relevant times herein, Mr. Hernandez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

26. From January 2017 through March 2020, Mr. Hernandez worked a regular schedule six days per week, from 10:00 am until 11:00 pm on Monday, Tuesday and Wednesday, 10:00 am

until 11:30 pm on Thursday and Friday, 5:00 pm until 10: 00 pm on Sunday with Saturday off.

27. As a result, he was working approximately 71 hours per week during that period of his employment by the defendant.

28. From June 15, 2020 to May 8,2022, Mr. Hernandez worked a regular schedule six days per week, from 10: 00 am until 11:30 pm on Monday, Tuesday, Wednesday, Thursday and Friday, 5:00 pm until 11:30 pm on Friday, with Saturday off.

29. As a result, he was working approximately 81 hours per week during that period of his employment by the defendant.

30. Mr. Hernandez was paid in company checks and personal check at the rate of $12 per hour throughout his employment by Defendant.

31. The plaintiff received the weekly amounts described herein above for all hours worked each week, regardless of the exact number of hours worked in a given week.

32. As a result, Plaintiff's effective rates of pay were each below the statutory New York City minimum wage in effect at relevant times.

33. Defendants' failure to pay Plaintiff an amount at least equal to the New York City minimum wage in effect during

relevant time periods was willful, and lacked a good faith basis.

34. Plaintiff has been paid in cash and check throughout his employment by the defendants and did not receive compliant paystubs or wage statements with his.

35. In addition, the defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

36. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours he worked was willful and lacked a good faith basis.

37. Defendants also failed to pay Plaintiff an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours premium").

38. Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, the defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain Plaintiff's signature acknowledging the same, in violation of the Wage Theft Prevention Act in effect at the time.

39. Defendants failed to provide the plaintiff with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

40. Upon information and belief, throughout both periods of plaintiff's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like plaintiffs (the "Collective Action Members") in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

41. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

42. Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

43. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime

compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

44. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

45. Upon information and belief, while the defendants employed the plaintiffs and the Collective Action Members, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

46. Upon information and belief, while the defendants employed the plaintiffs and the Collective Action Members, and through all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

### COUNT I

### (New York Labor Law – Minimum Wage)

47. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

48. At all relevant times, Plaintiff was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

49. Defendants willfully violated Plaintiff's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

50. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

51. Due to the defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

52. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53. At all relevant times, the defendants employed Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

54. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

55. As a result of the defendants' willful failure to compensate their employees, including Plaintiff and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

56. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

57. Due to the defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT III**

**(New York Labor Law - Overtime)**

58. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

59. At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

60. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

61. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

62. Due to the defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IV**

**(NEW YORK LABOR LAW – SPREAD OF HOURS)**

63. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

64. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

65. Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at the minimum wage for each day they worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

66. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

67. Due to Defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid compensation, liquidated

damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

68. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

69. At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

70. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

71. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

72. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from the defendants

statutory damages of $250 per day, for each day by the defendant of their employment by the defendants, up to the maximum statutory damages.

73. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from the defendants statutory damages of $50 per day for each day of his employment by the defendants, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

f. Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

g. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, overtime, and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

h. Liquidated damages for the defendants' New York Labor Law violations;

17

  i. Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

  j. Back pay;

  k. Punitive damages;

  l. An award of prejudgment and postjudgment interest;

  m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

  n. Such other, further, and different relief as this Court deems just and proper.

Dated: August 18, 2022

      <u>/s/ Michael Samuel</u>
      Michael Samuel (MS 7997)
      THE SAMUEL LAW FIRM
      1441 Broadway
      Suite 6085
      New York, New York 10018
      (212) 563-9884
      Attorneys for Plaintiff,
      *Individually and on behalf of an FLSA collective action*