# THE SAMUEL LAW FIRM

A T T O R N E Y S   A T   L A W

1441 B ROADWAY – S UITE 6085, N EW Y ORK , NY 10018
P HONE : (212) 563-9884 | F AX : (212) 563-9870 | W EBSITE : www.samuelandstein.com

| | | |
|---|---|---|
| **M ICHAEL S AMUEL**<br>michael@thesamuellawfirm.com | April 28, 2023 | ADMITTED IN<br>NY |

**Via ECF**

The Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*Re: Hernandez v. 1268 2nd Ave. LLC and Hasan Senyurt*
**Case No. 1-22-cv-07037-GWG**

Dear Judge Gorenstein:

We represent Plaintiff Carlos Huber Hernandez ("Plaintiff") in the above-captioned matter and submit this letter to the Court with the approval of defendants 1268 2nd Ave LLC and Hasan Senyurt ("Defendants") for the Court's assessment and approval of the settlement agreement reached by the parties (the "Settlement Agreement") pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). The Settlement Agreement, executed by the parties, is being submitted contemporaneously with this letter, and is annexed herewith as Exhibit A. The parties respectfully submit that the Court should approve the Settlement Agreement and dismiss Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL") in this case with prejudice because the settlement is a fair resolution of the Plaintiff's FLSA claims, negotiated in an arm's length negotiation between experienced counsel, following discovery and mediation.

## Background

Plaintiff alleges that he was employed by Defendants at their wine bar/restaurant in various roles including chef, food preparer, dishwasher, delivery and cleaning between January 2017 and July 2022. Plaintiff commenced this action on August 18, 2022, against Defendants alleging, *inter alia*, unpaid minimum wage and overtime wages under the FLSA and the NYLL and claims under the NYLL for failure to provide wage notices and wage statements.

In the complaint, Plaintiff alleged that Defendants failed to properly compensate him for the approximately 31 to 34 hours he claims to have typically worked in excess of 40 hours during each workweek. Further, Plaintiff alleged that at times his pay did not meet the minimum wage

rate set by the state of New York. Additionally, Plaintiff alleged that Defendant failed to provide him with the notices or weekly wage statements required by the NYLL.

Defendants filed their Answer on October 31, 2022 (ECF 16) admitting that Plaintiff worked at Serena's Wine Bar during the alleged time period, that Defendant Hasan Senyurt managed the business, and that Plaintiff did not receive a NYLL wage notice upon hire, but otherwise denying many of the Plaintiff's unpaid wage allegations, specifically disputing the number of hours allegedly worked by Plaintiff.

The defendants produced substantial records relating to Plaintiff's employment, including payroll records and records of tips paid to Plaintiff, and a mediation was held on January 24, 2023, which resulted in the Settlement Agreement between the parties. The Settlement Agreement shall not be interpreted as an admission of liability of any kind by the Defendants.

## Settlement Agreement

In advance of the January 2023 mediation, the parties engaged in negotiations and document exchange, which included the exchange of information regarding Plaintiff's work and compensation history maintained by Defendants.

As the Court can see from the Settlement Agreement submitted herewith, the parties agreed to settle Plaintiff's FLSA and NYLL claims against Defendants for a total of **Ninety-Thousand Dollars ($90,000.00)**, which is inclusive of legal fees and costs. While the final settlement amount of Plaintiff's claims is less than Plaintiff's maximum possible recovery for both his FLSA and NYLL claims, including liquidated damages and prejudgment interest, were he to prevail on all such claims, it is more than the amount that he would recover on his FLSA claims alone. As such, we believe this to be a fair resolution of this matter.

By settling now, Plaintiff ensures that he will receive a significant portion of what he could potentially recover on both his FLSA and NYLL claims, and he does so without having to wait through months of additional discovery, then having to face the uncertainty of trial and the possibility that in the end, even if his testimony is credited over Defendants' records, Defendants might be unable to satisfy the judgment.

## FLSA Settlement Approval

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing

2

factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id*. at 336. (Citations omitted.) Ultimately, the settlement must reflect a fair and reasonable compromise of disputed issues with the principal question being "whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co*., 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted). Applying these factors, the parties suggest that they weigh strongly in favor of settlement approval.

This settlement will enable the parties to avoid the burdens and expenses of trial, as well as the litigation risks that always accompany the litigation and trial process. Because the parties engaged in the exchange of discoverable information which informed the mediation and settlement discussions, they had sufficient information to assess those risks as to the merits of the claims, as well as the risk that Plaintiff might not recover any damages if this lawsuit continued through discovery and trial.

After analyzing the employment records provided by defendants in detail, Plaintiff's counsel calculated Plaintiff's total damages for both his FLSA and NYLL claims at $111,944.03, consisting of $9,660.00 in unpaid NYLL minimum wages, $24,654.00 in FLSA/NYLL unpaid overtime wages, $10,065.00 in NYLL spread-of-hours compensation, liquidated damages of $44,379.00, NYLL Wage Theft Prevention Act statutory damages of $10,000.00, and prejudgment interest of $13,186.03. A copy of plaintiff's damages calculations is annexed herewith as Exhibit B. However, these calculations are comprised largely of NYLL damages. Plaintiff's FLSA damages – limited only to the overtime claim and a maximum statute of limitations of three years – amount to a total of $32,760, consisting of $16,380.00 in overtime pay and an equal amount as liquidated damages.

As the Settlement Agreement calls for Plaintiff to receive $60,000.00 of the total $90,000.00 settlement amount, such amount represents a significant portion of the Plaintiff's total combined FLSA and NYLL damages. Moreover, as only the Plaintiff's FLSA claims are subject to fairness review pursuant to *Cheeks*, it is important to note that the Plaintiff's share of the total settlement amount would represent a complete recovery of all of the Plaintiff's calculated FLSA overtime pay and liquidated damages thereon.

While the defendants' calculations of NYLL minimum wage damages and combined FLSA/NYLL unpaid overtime damages are closely aligned with Plaintiff's calculations, defendants dispute, *inter alia*, Plaintiff's calculations of and/or entitlement to NYLL spread-of-hours pay, liquidated damages, and NYLL Wage Theft Prevention Act statutory penalties.

Courts consider settlements fair and reasonable when, as is the case here, they consider the potential risks of litigation. *See e.g.*, *Martinez v. Hilton Hotels Corp*., 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc*., 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (Court held the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable

compromise over" issues that had been "contested in the litigation"). Accordingly, this factor supports approving the Settlement Agreement as fair and reasonable.

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). In this case, counsel for Plaintiff are experienced wage-and-hour litigators, and counsel exchanged multiple demands and offers of settlement with Defendants in connection with the mediation before settling on the terms of this proposed settlement. Counsel for Defendants are also experienced employment law and litigation attorneys. Moreover, prior to entering into the Settlement Agreement, Plaintiff thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsel for all parties that the terms were a fair and reasonable assessment of their respective risks.

Other factors present do not weigh against a settlement. This matter has not been conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other employees or their rights. Plaintiff is no longer employed by Defendants so there is no likelihood that Plaintiff's circumstances will recur. Additionally, this case presents no novel questions of law that would benefit from extensive litigation.

<u>Attorneys' Fees</u>

Pursuant to counsel's retainer agreement with Plaintiff, we will retain 1/3 of the FLSA settlement (i.e., a total of $30,000.00) as attorneys' fees, plus $785.00 for expenses incurred by our firm on behalf of Plaintiff in connection with filing and serving the complaint, and the mediation fee. A copy of Plaintiff's counsel's billable time records is attached hereto as Exhibit C.

In total, Plaintiff's counsel expended 23.7 hours in representation of Plaintiff, including time related to the negotiation and preparation of the Settlement Agreement and this letter, yielding a lodestar amount of $10,292.50 in actual attorney's fees expended to date based upon the hourly rates set forth and requested herein. I am a founding partner of the Samuel Law Firm. I have been admitted to practice law in New York since 1993 and focus my practice almost exclusively on wage-and-hour cases, serving as counsel of record in more than 250 such cases. I am admitted to practice in the Southern and Eastern Districts of New York. My time appears in the chart below under "MS." My regular hourly rate for matters such as these is $450. My colleague, Andrew Beresin, counsel to the Firm, was admitted to practice in 1992, and has litigated more than 50 such cases during the past three years. His hourly rate is $400. I believe these hourly rates to be commensurate with other practitioners with a similar amount of experience in my locality who represent clients in matters such as this.

We have a standard retainer agreement with Plaintiff that allows us 1/3 of any possible recovery in this case. A copy of our retainer agreement is attached as Exhibit D. Based on our firm's experience in handling FLSA matters, the provision of 1/3 of a settlement is a standard arrangement in this District, and is routinely approved by courts in this Circuit, particularly for attorneys with relevant experience and expertise. *See, e.g.*, *Cortes v. New Creators, Inc.*, 2016 WL 3455383, at *5 (S.D.N.Y. June 20, 2016) (holding fee award of one-third of settlement "consistent with `contingency fees that are

commonly accepted in the Second Circuit in FLSA cases.'" (quoting *Najera v. Royal Bedding Co.*, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015)); *Mireku v. Red Vision Sys., Inc.*, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (finding that where, as here, the fee award is consensual since "Plaintiff has explicitly approved the agreement, including the amount of fees to her counsel" the award should be approved); *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 2012 U.S. Dist. LEXIS 144446, at *21 (E.D.N.Y. Oct. 4, 2012) (noting that counsel's request for one-third of FLSA clients' recovery is "reasonable and consistent with the norms of class litigation in this circuit"); *see also Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 141 n.4 (2d Cir. 2007) ("any attorney's fee ultimately belongs to [plaintiff], the client, and not the attorney," and courts "assume[s] the attorney and client will settle the distribution of the attorney's fees . . . according to their own contract terms, which are beyond the province of this Court") (citations omitted).

### Release and Confidentiality

Finally, we point out that, consistent with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), this Agreement does not contain a broad, general release of Plaintiff's claims, but instead only releases wage or compensation related claims, and does not contain a confidentiality provision.

### Conclusion

For all of the reasons set forth above, the parties respectfully request that the Court approve the Settlement Agreement attached hereto and enter the stipulation of dismissal filed herewith. We hope that this letter provides the Court with the information that it needs to assess the fairness of this settlement. We are available at the Court's convenience should the Court have any questions regarding the contents of this letter, or if the Court requires any additional information or documentation.

Respectfully submitted,

/s/ Michael Samuel
Michael Samuel, Esq.

Encl.

Cc (Via ECF): Nils Shillito, Esq.
Stephen D. Hans & Associates, P.C.
3030 Northern Boulevard
Suite 401
Long Island City, NY 11101
(718) 275-6700
nshillito@hansassociates.com